# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JASON PAUL ARNOLD,<br>    Plaintiff, | Case No. 1:15-cv-141 |
| vs | Dlott, J.<br>Bowman, M.J. |
| DEBORAH S. HUNT,<br>et al.,<br>    Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, an inmate in federal custody at the Terre Haute Federal Correctional Institution in Terre Haute, Indiana, brings this civil action against the Clerk of the United States Court of Appeals for the Sixth Circuit and two Sixth Circuit Clerk's Office employees. (*See* Doc. 1). The complaint, which was originally filed upon payment of the filing fee in the United States District Court for the Southern District of Indiana, was transferred to this Court on February 26, 2015. (*See* Doc. 6).

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v.*

*United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1 (8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

2

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against the Clerk of Court for the Sixth Circuit, Deborah S. Hunt, and two Sixth Circuit clerical employees, Ken Loomis and Leon T. Korotko. (Doc. 1). In the complaint, plaintiff alleges that the defendants provided him with a "false address" for the attorney who was appointed to represent him in an appeal and that, therefore, the four letters he sent to "said attorney" were returned to him. (*See id.*, at PAGEID#: 2-3). Plaintiff also alleges that the defendants "repeatedly failed/refused to file extremely important documents" and instead returned those documents to him with instructions to contact his attorney even though he did not have the "correct address or telephone number" for his counsel. (*Id.*, at PAGEID#: 3). Plaintiff states that the defendants are "well aware of this

3

problem/fact" because he "mailed them three letters that were marked as 'return to sender' 'unable to forward.'" (*Id.*).  Finally, plaintiff alleges that the defendants "worked together in an attempt to 'time bar' the plaintiff in another civil action/lawsuit against their col[l]eagues in Michigan" and that he "has reason to believe . . . this type of abuse & oppression has happened to others on a regular basis." (*Id.*).  Plaintiff has not indicated in the complaint what type of relief he is seeking.

It appears from documents attached to the complaint that plaintiff is complaining about the handling of his appeal to the Sixth Circuit from his criminal conviction in the United States District Court for the Western District of Michigan (Case No. 14-1956), as well as the handling of two other civil appeals that he filed with the Sixth Circuit (Case Nos. 14-2044 and 14-2096).  (*See* Doc. 1, at PAGEID#: 4-39).  Although plaintiff has not provided specific information regarding the Sixth Circuit cases that give rise to his complaint, this Court "may take judicial notice of proceedings in other courts of record." *Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969)); *Saint Torrance v. Firstar,* 529 F. Supp.2d 836, 838 n.1 (S.D. Ohio 2007); *see also Lynch v. Leis,* 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall,* 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (involving judicial notice of on-line court records).

Upon review of the Sixth Circuit's docket records in the three cases, it appears that plaintiff's criminal appeal in Case No. 14-1956 is still pending before the Sixth Circuit and that plaintiff's counsel in that matter, Dennis Belli, has entered an appearance and has been granted two extensions in which to file an appellate brief, now due March 6, 2015.  It further appears that plaintiff is challenging the provision of an incorrect address for Mr. Belli and the return of *pro se*

4

documents he submitted to the court for filing in the appeal on the ground that "all documents must be presented for filing by court appointed counsel."[1] *See United States v. Jason Arnold*, Case No. 14-1956 (6th Cir.) (Docs. 19, 22). On February 11, 2015, plaintiff filed a *pro se* motion requesting a "new attorney to replace . . . Mr. Dennis Belli" on the ground that Mr. Belli has failed "to communicate'" with him. *Id.* (Doc. 25). To date, the motion has yet to be ruled on by the Sixth Circuit.

In Case No. 14-2044, the appeal was dismissed on December 5, 2014 for lack of prosecution because plaintiff failed to comply with an order entered August 22, 2014 requiring plaintiff to show cause within twenty-one days why his appeal should not be dismissed as untimely. *See Jason Arnold v. Timothy Greeley, et al.*, No. 14-2044 (6th Cir.) (Doc. 7). Plaintiff filed a motion for reconsideration, claiming that he "did respond in a timely manner in this case." *Id.* (Doc. 8). The motion was denied on February 25, 2015. Id. (Doc. 9).

Finally, it appears that Case No. 14- 2096 is still pending before the Sixth Circuit. Plaintiff filed briefs in that appeal in November 2014. *See Jason Arnold v. Michigan Dep't of Human Services*, Case No. 14-2096 (6th Cir.) (Docs. 11, 12). On February 2, 2015, he filed a motion requesting that the defendants be compelled to respond to his briefs, which has not been ruled on yet. *Id.* (Doc. 13).

Plaintiff's complaint is subject to dismissal at the screening stage. As discussed above, the complaint does not contain a request for relief. However, to the extent that plaintiff seeks damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388

---

[1] Upon review of the record in Case No. 14-1956, it appears that plaintiff was provided with the correct street address for Mr. Belli, but that counsel's suite number contained a typo. Specifically, plaintiff was informed that Mr. Belli's suite number was "300" (*see* Doc. 1, at PAGEID#: 4-5) when, in fact, it is "500." *See United States v. Jason Arnold*, Case No. 14-1956 (6th Cir.) (Docs. 23, 26).

5

(1971), based on the federal court employees' alleged violation of his constitutional rights, plaintiff has failed to state a claim upon which relief may be granted by this Court because the defendants "are entitled to a quasi-judicial immunity from claims of damages arising out of their performance of duties closely entwined with the judicial process." *See Gamble v. Whitmer,* Civ. Act. No. 3:12CV-P481-H, 2012 WL 4460460, at *2 (W.D. Ky. Sept. 25, 2012) (citing *Bush v. Rauch*, 38 F.3d 842, 847-48 (6th Cir. 1994)) (dismissing civil rights complaint for damages brought against federal judicial employees, including the clerks of court for the Sixth Circuit and a Kentucky district court); *McGee v. United States*, No. 1:10cv521, 2010 WL 3211037, at *2-3 (S.D. Ohio Aug. 12, 2010) (Weber, J.) (and numerous cases cited therein) (dismissing complaint for damages that was filed against various employees of the Sixth Circuit, including the Clerk of Court and staff attorneys, as well as against employees of a federal district court in Michigan, because quasi-judicial immunity extended to those persons' actions). In *Rauch*, 38 F.3d at 847 n.5, the Sixth Circuit noted that absolute judicial immunity has been extended to non-judicial officers in the performance of tasks that are integral to the judicial process because, as the Supreme Court has recognized, government officials need "to be able to make impartial decisions without the threat of personal liability for actions taken pursuant to their official duties."

     The Supreme Court has made it clear that the immunity offered judicial officers and court employees in the performance of judicial duties is not overcome by allegations that they acted in "bad faith," maliciously, corruptly or even "in excess of . . . authority." *See Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991) (per curiam) (and Supreme Court cases cited therein). Rather, the immunity is overcome only when the plaintiff's claim is based on (1) non-judicial actions, such

6

as administrative acts unrelated to judicial proceedings; or (2) "actions, though judicial in nature, [that are] taken in the complete absence of jurisdiction." *Id.* at 11-12; *see also Rauch*, 38 F.3d at 847 (stating that only "qualified immunity" is available where the challenged conduct pertains to "administrative acts unrelated to judicial proceedings"). The Supreme Court has held that "whether an act . . . is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362 (1978)). Absence of jurisdiction refers to the lack of subject matter jurisdiction. *See, e.g., Bradley v. Fisher,* 80 U.S. 335, 351-52 (1871) (distinguishing "excess of jurisdiction" from "the clear absence of all jurisdiction over the subject-matter"); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 649 (6th Cir. 2014) (quoting *Holloway v. Brush*, 220 F.3d 767, 773 (6th Cir. 2000) (en banc), and *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)) ("[o]nly in the absence of subject matter jurisdiction are judicial actors devoid of the shield of immunity," whereas "[g]enerally, where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes") *petition for cert. filed*, Nos. 14-877, 14A465 (U.S. Jan. 16, 2015).

In the instant case, plaintiff's claims, which are based solely on actions taken by the defendants in the handling of plaintiff's appeals in Case Nos. 14-1956, 14-2044 and 14-2096, clearly pertain to the defendants' performance of tasks that were judicial in nature. Moreover, plaintiff's allegations are insufficient to suggest that the defendants' actions were taken outside of the jurisdiction of the clerk's office. *Cf. Norris v. Reinbold,* No. 5:13cv0721, 2013 WL 6277021, at *6 & n.2 (N.D. Ohio Dec. 4, 2013) (and numerous cases cited therein) (dismissing

7

complaint for damages against county clerk, municipal clerk and county deputy clerk for "their role in docketing and enforcing the state court's orders"); *Gamble, supra*, 2012 WL 4460460, at *2 (dismissing complaint alleging impropriety in the handling of the plaintiff's case by clerk's office personnel); *McGee, supra*, 2010 WL 3211037, at *2-3 (and cases cited therein) (dismissing complaint alleging the clerk of court defendants, among things, "issued improper orders"); *see also Odom v. Martin,* No. 99-6208, 2000 WL 1176883, at *2 (6th Cir. Aug. 11, 2000) (in affirming dismissal of complaint as frivolous on the basis of lack of subject matter jurisdiction, the Sixth Circuit stated that the defendant Clerk of Court was "entitled to immunity because he simply followed [the judge's] instructions and carried out [the judge's] judicial functions by entering a court order in his capacity as court clerk").

In addition, plaintiff has failed to state an actionable claim to the extent he seeks some form of equitable relief as opposed to damages. In the Sixth Circuit, judicial immunity "extends to requests for injunctive or other forms of equitable relief as well as to claims for damages." *Ward v. U.S. Dist. Court for the Western Dist. Of Tenn.*, No. 14-2707-T-DKV, 2015 WL 137204, at *1 (W.D. Tenn. Jan. 8, 2015) (citing *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001)) (dismissing on screening a prisoner complaint against a federal district court for the alleged violation of the plaintiff's civil rights during a suppression hearing); *see also Arnold v. Greeley*, No. 2:14cv58, 2014 WL 1878914, at *2 (W.D. Mich. May 12, 2014); *Duncan v. The Dep't of Justice*, No. 2:07-10164, 2007 WL 1584198, at *3 (E.D. Mich. May 31, 2007). In any event, even assuming, *arguendo*, that immunity from *Bivens* claims for equitable relief does not extend to court clerical staff, plaintiff is not entitled to such relief in the absence of a showing of an inadequate remedy at law

8

or a serious risk of irreparable harm. *See Newsome*, 17 F. App'x at 345. To the extent that plaintiff seeks reinstatement of the appeal in the closed case (Case No. 14-2044) or other equitable relief in the appeals currently pending before the Sixth Circuit (Case Nos. 14-1956 and 14-2096), he raises issues which the Sixth Circuit must address. *Cf. Overton v. Catterson*, No. C 98-3763 CRB, 1998 WL 754599, at *1 (N.D. Cal. Oct. 20, 1998) (in dismissing complaint against the Clerk of the Ninth Circuit for "blocking" the plaintiff's appeal, the district court ruled that "[t]o the extent plaintiff seeks reinstatement of has appeal in the Ninth Circuit Court of Appeals, that is a matter which the Ninth Circuit must address").

Finally, plaintiff has failed to state a claim upon which relief may be granted to the extent that he has suggested that the defendants have conspired against him and/or have engaged in acts of fraud. Fed. R. Civ. P. 9(b) requires that "for all averments of fraud, the circumstances constituting fraud must be pled with particularity." *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 501 F.3d 493, 504 (6th Cir. 2007) (internal quotations omitted). Moreover, "[i]t is 'well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.'" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

In this case, the only specific allegation of fraud is that the defendants provided plaintiff with a "false" address for his court-appointed counsel in the criminal appeal. However, it is clear from the record that the only error in the address provided to petitioner was a single typo in counsel's suite number. In the absence of any facts suggesting that the defendants intentionally provided a false address to plaintiff in order to prevent plaintiff from contacting his attorney, the

9

allegation is simply insufficient to state a viable claim of fraud or conspiracy on the part of the defendants.  Furthermore, to the extent that plaintiff has generally alleged that the defendants "worked together in an attempt to 'time bar' the plaintiff in another civil action/lawsuit against their col[l]eagues in Michigan," he has failed to state a claim of conspiracy in the absence of any supporting factual allegations.  *See, e.g., Anderson v. Cnty. of Hamilton*, 780 F. Supp.2d 635, 643-44, 652 (S.D. Ohio 2011) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (dismissing conspiracy claims in the absence of factual allegations to support the inference that a single plan existed, that the alleged co-conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy).  *Cf. Jeter v. Ahmed*, No. 1:13cv244, 2013 WL 6157991, at *1, *3 (S.D. Ohio Nov. 25, 2013) (Weber, J.; Bowman, M.J.) (quoting *Alder v. Correctional Medical Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003)) (adopting recommendation to dismiss a prisoner's conspiracy claim at screening stage because (1) the plaintiff's conclusory allegation that the defendants "always rule in favor of the doctor" was "insufficient to state a civil conspiracy claim"; and (2) in any event, "[a]n alleged 'conspiracy' to unfairly deny inmate grievances would not state a conspiracy to deny any constitutional right, since the 'mere denial of a prisoner's grievance states no claim of constitutional dimension'").

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1.  The plaintiff's complaint (Doc. 1) be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

10

2.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JASON PAUL ARNOLD,  
    Plaintiff,

vs

DEBORAH S. HUNT, et al.,  
    Defendants.

Case No. 1:15-cv-141

Dlott, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc